POPEJOY *et al. v.* PETERS *et ux.*

(*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

S. E. HODGES, of Knoxville, for complainants.

C. L. WAGGONER and H. F. ATKINS, both of Knoxville, for defendants.

Mr. Chief Justice Green delivered the opinion of the Court.

From a decree in favor of complainants, defendants appealed.

The bill in this case seeks a declaratory judgment as to the rights of the parties arising under stipulated facts.

On April 26, 1935, G. V. Donehew and wife, Emly Donehew, executed a joint will. G. V. Donehew died in 1936. Emly Donehew died September 30, 1937, without undertaking any revocation of said joint will. After the death of her husband, Emly Donehew became indebted to certain parties and a tract of land, formerly owned by her and her husband as tenants by the entirety, was levied on as her property and sold. It was bid in by Edd Peters and wife, Phoebe Peters. The period for redemption of said land has not yet expired. This tract of land was devised to Edd Peters and Phoebe Peters by the joint will.

The complainants herein are collateral heirs of Emly Donehew. They aver in the bill that the aforesaid land was sold to Peters and wife for much less than its real value, and complainants state that they are ready and willing to redeem the said land, if, as heirs of Emly Donehew, they take the land by inheritance. If, however, the joint will of Emly Donehew and her husband was valid and entitled to probate, the land would pass to Peters and wife under the will. Complainants, therefore, ask a declaration as to whether they can redeem the land and take the same as the heirs of Emly Donehew, as though she died intestate, or whether the joint will was valid and the land passed thereunder to Peters and wife.

It is stipulated that, apart from this land, G. V. Donehew died possessed of a small amount of personal property, of value of about $200. It does not appear that Emly Donehew, apart from her interest in the land, had any property at the time of her husband's death. As heretofore mentioned, the land was owned by the Donehews as tenants by the entirety. The will is as follows:

"We G. V. Donehew and wife Emly Donehew of Luttrell Union County Tennessee of sound and disposing mind and memory, do hereby make and publish this as our last will and testament, hereby revoking and making void every and all other will or wills by us at any time heretofore made. And first we direct our executors hereinafter named to pay all our just debts, funeral expenses and the expense incident to the administration of our estate as soon as reasonably may be after our decease.

"Item. We give, devise, and bequeath to Edd Peters and wife Phoebe Peters all our real estate and personal property.

"Item. We do hereby nominate Phoebe Peters to be the executor of this our last will and testament in witness whereof we have hereunto set our hands and seals this 26 day of April, 1935."

This will was duly signed and witnessed and it seems to us to be a valid instrument entitled to probate.

The learned chancellor apparently thought this will could not be probated until the death of both G. V. Donehew and Emly Donehew, and for that reason held it invalid. We are unable to agree to this.

We see no reason why this will could not have been probated as a separate disposition of the property of G. V. Donehew at his death and again probated as a separate disposition of the property of EmlyDonehew at her

death. It was noted in *Epperson* v. *White*, 156 Tenn., 155, 299 S. W., 812, 57 A. L. R., 601, that the circumstance that two wills were written on the same piece of paper was not a matter of any consequence.

In *Epperson* v. *White* by the terms of the joint will held invalid, the disposition of the property of testators was postponed until after the death of the survivor. The conditions upon which the testamentary disposition rested could not be fulfilled until after the death of the survivor. Following authorities reviewed, we expressed the opinion that the estate of the testator dying first could not be held in abeyance until the death of the survivor for the purpose of then probating the instrument as the will of both the testators and that accordingly such a will was bad. It was recognized by the court, however, that if a joint will was of such a nature that it could be treated as a separate disposition by each testator of his individual property, it was entitled to probate on the death of each testator as the last will and testament of that testator.

■ ■ We think this will meets the test last stated. Insofar as the instrument undertakes to dispose of the estate by the entirety, it could have no effect anyhow on the death of the first testator. In this particular, it could only be effective as the will of the survivor. We see no reason why this instrument could not have been probated as the separate will of G. V. Donehew upon his death and again as the separate will of Emly Donehew upon her death. Probated as the separate will of G. V. Donehew upon his death, it would have been just as effective to pass his personal property, not subject to his debts, as though written on a separate sheet of paper. The

record, moreover, does not show that G. V. Donehew owed any debts at the time of his death.

Mrs. Donehew attempted no disposition of her property other than that contained in the joint will. In *Seat* v. *Seat*, 172 Tenn., 618, 113 S. W. (2d), 751, the validity of a joint will such as the one before us was apparently conceded. The question there was whether a contract to make joint testamentary disposition could be inferred from the fact of the simultaneous execution of a joint will, together with the provisions of the will and the attendant circumstances.

Upon the authorities considered in *Epperson* v. *White*, *supra*, we conclude that the will before us was a valid instrument entitled to probate and it is so declared.

The chancellor's decree is reversed.