IN RE ESTATE OF ANNA MEKA CROULEK, deceased.

No. 50155.

(Reported in 107 N.W.2d 77)

January 11, 1961.

Rehearing Denied March 7, 1961.

Louis J. Kehoe, of Washington, and Edward F. Rate and W. J. Jackson, both of Iowa City, for appellants.

Clearman, Oehler, Barker & Meeker and F. B. Olsen, all of Iowa City, for appellees.

Thornton, J.—Decedent, Anna Meka Croulek, and her husband, Joe A. Croulek, both executed their last wills on November 23, 1955, before the same witnesses at the same place, and in identical language, except for the transposition of names of said wife and husband in each will. The wills were reciprocal, each giving the other all of the property owned at death without any provision for third parties after the death of the surviving spouse. Item 3 of each will is as follows:

"Item 3. My husband (wife), _____, is executing a will containing provisions similar to those herein. However neither this will nor the will of my said husband (wife), _____ is executed pursuant to any agreement or contract between us with reference to the making of such wills and I reserve the right to modify, alter or reject this will at any time."

Joe A. Croulek died testate November 4, 1959. His will was admitted to probate and decedent, Anna Meka Croulek, qualified as executrix. She died December 3, 1959, and her will was admitted to probate. They were childless.

The administrator with the will annexed brought this action pursuant to rule 264, Rules of Civil Procedure, for construction of the will and directions for distribution to the proper parties.

The heirs of Joe A. Croulek contend the will is valid and the property passes to them under the antilapse statute, section 633.16, Code of Iowa, 1958, and all of the property passes to them. The heirs of Anna Meka Croulek contend the wills were mutual and reciprocal or reciprocal and should be construed to be the will of the first to die, the will of Anna Meka Croulek has no further force and effect, and the property passes to them as intestate property.

The trial court held the intention expressed in Item 3 of the wills was clear, the wills were not mutual and the property of Anna Meka Croulek passed to the heirs of Joe A. Croulek under the antilapse statute. We agree.

The questions presented are the effect of the denial of mutual wills clause and the application of the antilapse statute.

I. The denial of mutual wills clause has not been passed on by this court and we are not cited to nor have we found authority from other jurisdictions construing this type of clause. A similar clause is found in the Iowa Supplement to Newhoff's Standard Clauses for Wills appearing in the Workshop Outlines of the Eighty-fifth Annual Meeting of the Iowa State Bar Association prepared by Professor John C. O'Byrne, College of Law of the State University of Iowa. As noted on page four of the Iowa Supplement the finding of a contract for the benefit of third parties will disqualify for the marital deduction any property passing subject to such contract. Estate of Awtry v. Commissioner of Internal Revenue, 22 T. C. 91, reversed as to joint tenancy property, 8 Cir., 221 F.2d 749. This indicates at least one of the reasons for such a clause. A similar clause is also found in Modern Legal Forms, '59 P. P., section 9621.2. There is no comment in either work as to the construction of such a clause.

 In construing wills it is our duty to ascertain the intention of the testator and if reasonably possible to give effect to all of the will's provisions. And where the intention expressed in the will is clear and unequivocal there is no need for construction. Culver v. Hess, 234 Iowa 877, 14 N.W.2d 692; and Anderson v. Anderson, 227 Iowa 25, 286 N.W. 446. See also Fischer v. Mills, 248 Iowa 1319, 85 N.W.2d 533, 63 A. L. R. 2d 1166.

 As we view this clause it is plain and unambiguous. It specifically recognizes the other person is making a will containing similar provisions, and states neither will is executed pursuant to any agreement or contract between such persons with reference to making such wills and goes on to reserve the right to change the disposition of the property at any time. It would be difficult to state the intention to have the wills construed as not being mutual or contractual in plainer terms. The reservation of the right to change the disposition at any time shows the same clear intent. One of the burdens of mutual or contractual wills is, the disposition of property cannot be changed or a new and different will executed before the death of the other person without notice to the other. And where provision is made for third persons, after the death of the first to die a change of disposition cannot then be made. Johansen v. Davenport Bank & Trust Co., 242 Iowa 172, 178, 46 N.W.2d 48; Luthy v. Seaburn, 242 Iowa 184, 190, 46 N.W.2d 44, 48; and In re Estate of Ramthun, 249 Iowa 790, 89 N.W.2d 337. We hold the intent of decedent and her husband as there expressed is to have these wills construed and the property therein devised or bequeathed to pass in the same manner and to the same persons as if the wills were executed on different occasions without any knowledge thereof by the other person and without any reference to the other. It was her intent to have this will construed as if she alone had made a will. Under the record these wills are not mutual or the result of a contract.

II. Appellants argue the wills need only be reciprocal to be considered the single act of the makers effective only as the will of the first to die and not of the survivor.

704

In our recent case of Father Flanagan's Boys' Home v. Turpin, 252 Iowa 603, 106 N.W.2d 637, we pointed out the difference in "joint", "mutual" and "reciprocal" wills. We there said at pages 607, 608 of 252 Iowa and page 640 of 106 N.W.2d:

"A will is 'joint' if it is the will of two or more persons in one instrument; 'reciprocal' if it contains reciprocal gifts or property among two or more makers; but it is 'mutual' in Iowa only if it is executed pursuant to an agreement. * * * The term 'mutual' is properly applied to wills only when there is evidence sufficient to show a binding agreement as to disposal of the property of the makers in a certain way. If there is not such evidence, the wills may be reciprocal, but they are not mutual."

With this distinction in mind we find there are three cases in which this court has held wills, wherein the makers made provision for each other and none for third persons after the death of the first to die, to be effective only as the will of the first to die. They are, Anderson v. Anderson, 181 Iowa 578, 164 N.W. 1042; Maurer v. Johansson, 223 Iowa 1102, 274 N.W. 99; and Maloney v. Rose, 224 Iowa 1071, 277 N.W. 572.

In Maloney v. Rose, supra, at page 1074 of 224 Iowa and page 574 of 277 N.W., and in Maurer v. Johansson, supra, at page 1105 of 223 Iowa and page 101 of 274 N.W., is this statement:

"Mutual wills are those which are executed pursuant to an agreement or compact between two or more persons to dispose of their property in a particular manner, each in consideration of the other. Such wills, if they contain no provisions for third persons, constitute a single will and is the will of the first to die, and has no further existence as the will of the survivor."

It is true in Anderson v. Anderson, supra, there is some language which might be thought to mean the wills need only be reciprocal. However, reading the case in its entirety shows the decision was based upon the agreement between the makers. In the course of the opinion is this statement at page 586 of 181 Iowa and page 1044 of 164 N.W.:

"* * * and there still remains in the record enough to abundantly justify the conclusion of the trial court that the wills were the result of a mutual or reciprocal agreement or understanding between them."

The contract found to exist between the makers in each of the above cases is that their property shall pass to the survivor of them, there is no intention of further disposition, and the disposition of property therein expressed cannot be changed without notice.

A contention similar to that of appellants was rejected in In re Estate of Schroeder, 228 Iowa 1198, 1202, 1203, 293 N.W. 492. We there emphasized the necessity of the contractual element.

The will under consideration is reciprocal only and does not come within the rule contended for by appellants.

III. Section 633.16, our antilapse statute, is as follows:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

Decedent's will does not express a contrary intent. We have repeatedly held where the maker devises property to a spouse and the spouse predeceases the maker, the statute controls and the heirs of the spouse take the devise. In re Estate of Warner, 249 Iowa 339, 86 N.W.2d 881; and In re Estate of Schroeder, 228 Iowa 1198, 1208, 293 N.W. 492; and citations.

IV. Appellants urge the administrator with will annexed was improperly appointed. This contention was not urged in the trial court and will not be considered here. In re Estate of Lundgren, 250 Iowa 1233, 1239, 98 N.W.2d 839, 843. The proper manner to raise this question is pointed out in In re Estate of Quinn, 243 Iowa 1266, 55 N.W.2d 172, cited by appellants.

V. Some of appellants had filed a will contest demanding a jury trial. The action was filed after this one and shortly before the hearing in this case in the trial court. Appellants filed a motion for continuance of this case until that action could be tried. The motion was overruled and they urge this as error. They claim they are being denied a jury trial. The record

indicates the same proposition urged here was alleged in the law action. If this is true, the appellants have not alleged an action triable to a jury. Actions construing wills and the legal effect of written instruments are for the court to decide. In re Estate of Watters, 201 Iowa 884, 208 N.W. 281. If there is an issue in that action triable to a jury it may still be tried. The granting of a motion for continuance and the orderly conduct of business in the district court is within the sound judicial discretion of the trial court and we do not interfere unless an abuse of discretion appears. No such abuse appears here. Rules 182, 183 and 184, Rules of Civil Procedure; and Kemp v. Day & Zimmerman, 239 Iowa 829, 33 N.W.2d 569.

The decree of the trial court is in all respects affirmed.— Affirmed.

All JUSTICES concur except SNELL, J., who takes no part.