ANNIE TIEMANN et al., appellees, v. WILLIAM C. KAMPMEIER
et ux., appellants.

No. 50150.

(Reported in 107 N.W.2d 689)

FEBRUARY 8, 1961.

Louis J. Kehoe, of Washington, for appellants.

Fred Cromwell, of Burlington, for appellees.

HAYS, J.—William Kampmeier, a defendant, and Julia Buhrmester, now deceased, were married in 1912. In 1924, upon the death of her father, Julia inherited a 106-acre farm. In 1946, William and Julia conveyed the farm to themselves as joint tenants with the right of survivorship, and not as tenants in common. In 1948, William and Julia executed an instrument, the pertinent parts thereof being as follows:

"Joint Last Will and Testament of William C. Kampmeier and Julia Kampmeier.

"We, William C. Kampmeier and Julia Kampmeier, husband and wife, * * * *desirous of making a common disposition* of our property, whether the legal title thereto appear in our names jointly or in severalty only, hereby make * * * this to be our last will and testament * * *.

"Item I—(Provides for payment of debts).

"Item II—(Provides for grave markers).

"Item III—*All our remaining property,* whether held jointly, severally, or as tenants in common, both real, personal and mixed, *shall be held by the survivor* of us with the right to the income, rents, or profits of all of our said property *for the life of the said survivor* and so much of the principal thereof as said survivor may desire from time to time for his or her care and support within his or her sound discretion, and with the further right on the part of the said survivor to sell and execute conveyance of, without the authority or approval of Court, any or all of said property, to invest and reinvest the same, and to use the proceeds thereof as he or she may deem proper during said survivor's lifetime for his or her care and support without being required in any manner to account therefor.

"Item IV—On the death of the survivor of us, *all* the rest, * * * *remaining in survivor's* hands shall be then distributed in the following manner so that the specific bequests be paid but once from our property." (Italics ours.) (Then followed bequests to certain organizations and individuals, among them being plaintiffs herein.)

The instrument was duly executed and no question is raised in that respect.

Julia Kampmeier died in 1952 without issue. The joint will was duly probated as her last will and testament and William Kampmeier qualified as executor thereof. The inventory filed therein lists the beneficiaries named in Item IV of the will; lists a one-half interest in household goods as exempt, value $500; other property not exempt—a joint interest in livestock, one-half interest worth $1495.25; farm, full value $37,100 and U. S. Savings bonds with a total value of $3024.50, decedent's interest being valued as $20,062.25. As executor and a life tenant, William asked that inheritance tax on the remainder interest be deferred until death of the life tenant, which was granted by the State Tax Commission. The final report in the estate, listing William's interest therein as a life estate, was approved in May 1954.

In 1953 William purchased a house in Mediapolis, taking title in his name. In January 1954 William married Mariann Burkheimer, defendant. In February 1954 title to the Mediapolis property was conveyed to William and Mariann Kampmeier as joint tenants with right of survivorship. In 1954 William built a $23,000 home in Mediapolis and in September 1954 he deeded it to Mariann. Also in September 1954 he sold the 106-acre farm for $46,000 in cash and thereafter paid the deferred inheritance tax. It would appear from the record that most of the cash received from sale of the farm has been spent.

Plaintiffs, beneficiaries named in Item IV of the will, allege upon Julia's death the jointly held property became subject to a trust under the will, subject to William's life tenancy; that he has fraudulently transferred said property to his wife to deprive the plaintiffs of their right thereto; also, that Mariann wrongfully exerted undue influence over him to obtain the

property. They ask that defendants convey the properties to William for trust purposes and that he be enjoined from further disposal of property. Defendants by answer assert William became sole owner of the farm by virtue of the 1946 deed; that the distributable assets of Julia's estate amounted to $6015 which, by the terms of the will, he was free to do with as he desired. The trial court granted the relief prayed and defendants appeal.

Two propositions are urged as grounds for a reversal: (1) Court erred in holding the joint tenancy with right of survivorship was revoked by the subsequent joint will, with the terms of the will superseding the rights under the deed. (2) Error in requiring an accounting of benefits received under the joint will, contrary to clear provisions thereof.

I. Appellants' first contention is directed to the farm. Their theory is that a will speaks only from the time of the death of testator and that since William took title to the farm by virtue of the 1946 deed upon Julia's death, there is nothing, relative to the farm, to which the will can be applied, citing Conlee v. Conlee, 222 Iowa 561, 269 N.W. 259. See also Wood v. Logue, 167 Iowa 436, 149 N.W. 613, Ann. Cas. 1917B 116. As an abstract legal statement we have no dispute with this proposition. However, we do not see where it is applicable here.

The trial court found that the "joint will" was not only joint and reciprocal but also mutual. A mutual will is one that is executed pursuant to an agreement. 97 C. J. S., Wills, section 1364(e), states mutual wills are wills "which are executed in pursuance of a compact or agreement between two or more persons to dispose of their property, either to each other or to third persons, in a particular mode or manner, each in consideration of the other." See also In re Estate of Lenders, 247 Iowa 1205, 78 N.W.2d 536; Barron v. Pigman, 250 Iowa 968, 95 N.W.2d 726; Father Flanagan's Boys' Home v. Turpin, 252 Iowa 603, 106 N.W.2d 637. While appellants do not question the finding of the trial court that this "joint will" was also mutual, we have examined same in the light of the authorities above cited and fully agree with the trial court.

However, appellants contend that it appears on the face

of the will that it was not intended to apply to property held in joint tenancy with right of survivorship because such specific type of ownership is not mentioned and it was error to say that the will severed or revoked the "joint tenancy with right of survivorship." We think it immaterial, under the facts of this case, whether the mutual will severed or revoked the deed conveyance and do not pass upon that question. Eckardt v. Osborne, 338 Ill. 611, 170 N.E. 774, 75 A. L. R. 509. We think it equally clear that the farm, irrespective of who held title upon Julia's death, is governed by the terms of Items III and IV of the will. The will starts out " 'desirous of making a common disposition of *our* property' " * * *. Item III says " 'All *our* remaining property * * * shall be held by the survivor' " for the lifetime of the survivor. Item IV says " 'All the rest * * * in survivor's hands shall be then distributed'." Each, in effect, contracts with the other that all their property, regardless of type of ownership and who owns it, shall, at least upon the death of one testator, constitute a single or common fund in which the survivor shall have only a life estate with remainder over to the named beneficiaries. Whether or not for this contract to be binding upon the survivor after the death of one of the testators, it is essential that he accept benefits from decedent's estate, this record clearly shows benefits were accepted. We hold that under the "joint will", the 106-acre farm was, at least after Julia's death, held by William Kampmeier in the nature of a trust, subject to a life estate, for the beneficiaries named in Item IV of the will. See Baker v. Syfritt, 147 Iowa 49, 61, 125 N.W. 998; Jennings v. McKeen, 245 Iowa 1206, 65 N.W.2d 207; 97 C. J. S., Wills, section 1368, page 324; In re Adkins, 161 Kan. 239, 167 P.2d 618; Janes v. Rogers, 224 Ark. 116, 271 S.W.2d 930; Buchanan v. Willis, 195 Tenn. 18, 255 S.W.2d 8; Olsen v. Olsen, 189 Misc. 1046, 70 N. Y. S.2d 838; Annotation, 169 A. L. R. 64. We find no error in this assignment of error.

II. The second proposition is equally without merit. While the joint will does state that the survivor may dispose of the property as he desires, which is the basis of appellants' contention, they choose to ignore a pertinent part thereof. In

connection with the right to use as desired is this limitation, " 'for his or her care and support within his or her sound discretion'." Under our decisions this restriction means just what it says, i.e., "for care and support." No showing is made, nor is it claimed, that the various transfers of property were made for such purpose. See Hamilton v. Hamilton, 140 Iowa 282, 115 N.W. 1012, 118 N.W. 375; Brown v. Brown, 213 Iowa 998, 240 N.W. 910; Lovrien v. Fitzgerald, 242 Iowa 1258, 49 N.W.2d 845; Tague v. Tague, 248 Iowa 1258, 85 N.W.2d 22. The transfers by William to his wife, Mariann, are clearly in violation of the terms of the joint will which became established at least upon the death of Julia and the probating of the will.

The decree of the trial court should be and is affirmed.— Affirmed.

All JUSTICES concur except BLISS and SNELL, JJ., who take no part.