IN RE ESTATE OF MERYL E. LOGAN, deceased.

CLYDE E. LOGAN, executor-appellant, v. GLEN TOYNE and CLARA FERN CRANE, appellees.

No. 50572.

1212

JUNE 12, 1962.

Dwight G. McCarty, of Emmetsburg, for appellant.

Dale P. Carpenter, of Coon Rapids, and M. R. Tan Creti, of Carroll, for appellees.

THORNTON, J.—This is an action in probate, tried to the court in equity, seeking the construction of the joint will of Clyde E. Logan and Meryl E. Logan. Meryl E. Logan is deceased. Clyde E. Logan survives.

Some time prior to 1944 Clyde E. Logan married Mrs. Meryl Toyne, the mother of three children by a previous marriage. For convenience and brevity they will be referred to as Clyde and Meryl. Meryl had some property from her former marriage.

Apparently they were industrious and thrifty. In 1944 they acquired a fractional 160-acre farm, taking title thereto in the names of Clyde E. Logan and Meryl E. Logan, husband and wife as joint tenants, and not as tenants in common.

On July 24, 1956, Mr. and Mrs. Logan, after consultation with and directions to their attorney, executed a joint will in words and figures as follows:

"We, the undersigned, Clyde E. Logan and Meryl E. Logan, of Coon Rapids, Greene County, Iowa, being of sound mind and each being possessed of interests in certain property which we have mutually agreed and do hereby mutually agree each in consideration of the promise and act of the other to dispose of such

property in the manner hereinafter set forth, do hereby make, publish and declare the following as our joint and several wills.

## "Item I

"Clyde Logan, subject to the payment of his just debts and funeral expenses, hereby gives, devises and bequeaths to Meryl E. Logan all of the property of every kind or nature, real, personal, or mixed, of which he may die seized or possessed or to which he may be entitled, if the said Meryl E. Logan survives him. Meryl E. Logan, subject to the payment of her just debts and funeral expenses, hereby gives, devised and bequeaths to Clyde E. Logan all of the property of every kind or nature, real, personal or mixed, of which she may die seized or possessed or to which she may be entitled, if the said Clyde Logan survives her.

## "Item II

"Subject to the bequest in Item I, Clyde E. Logan and Meryl E. Logan, upon the death of the survivor of them, gives, devises and bequeaths the remainder of all of the property as follows:

"A.  $100.00 to the children of William Logan, late of Corydon, Iowa.

"B.  $100.00 to Claire E. Logan, Lawton, Oklahoma.

"C.  $100.00 to Bertha Bailey, Trenton, Missouri.

"D.  All the rest, residue and remainder of our joint estates we give devise and bequeath to Gilbert Toyne, Breda, Iowa; Glen Toyne, Coon Rapids, Iowa; and Clara Fern Crane, 7114 NE Blair Road, Vancouver, Washington.

"/s/   Clyde E. Logan
"/s/   Meryl E. Logan

"We, the testators herein, hereby nominate and appoint the survivor of us as executor of this, our joint Last Will and Testament; and in the event both of us are unable to act or are deceased, we nominate and appoint Glen Toyne, Coon Rapids, Iowa, executor of this, our joint Last Will and Testament; and we hereby exonerate them from giving bond as such.

"Dated at Carroll, Iowa, this 24th day of July, 1956.

"/s/   Clyde E. Logan
"/s/   Meryl E. Logan"

The instrument was duly witnessed.

The will was drawn by the attorney with knowledge that the real-estate holdings were held jointly and with instructions that the will should follow the pattern of a joint tenancy.

In February 1958 the Logans acquired a 40-acre tract of land, taking title thereto in the names of Clyde E. Logan and Meryl E. Logan as joint tenants with full right of survivorship, and not as tenants in common.

Meryl died on August 3, 1959, a resident of Greene County, and on September 8, 1959, the will was admitted to probate as her last will and testament. Clyde E. Logan, the nominee in the will, was appointed as executor without bond.

Notice to creditors was published, preliminary inheritance tax report and probate inventory was filed listing the names of the beneficiaries as named in the will, scheduling no real estate as the property of the decedent and scheduling the real estate as joint property.

During the lifetime of Meryl and as far as appears from the record continuing thereafter, friendly relationships prevailed between Clyde and the three stepchildren.

Clyde E. Logan has now remarried.

Uncertainty as to the nature of his interest in the property impaired Clyde's credit and made difficult the financing of his farming operations.

The only property listed in the probate proceedings are the two parcels of real estate held in joint tenancy, a checking account in the sum of $18, a government bond with a current value of $30 issued to Meryl E. Logan POD Clyde E. Logan, and an interest in a stock certificate in Greene County National Farm Loan Association with a value of $437.50.

Clyde E. Logan, as executor and one of the devisees under the will, asks that he be decreed to be the owner in fee simple and that Item II of the will be declared void for repugnancy. The residuary beneficiaries and devisees ask that they be declared to be vested remaindermen and that the interests of Clyde E. Logan be declared to be only that of a life tenant without power of alienation.

The trial court propounded and determined two basic ques-

tions: (1) Is this a joint and mutual will as defined by the law? and (2) Is there a repugnancy?

The real estate involved was held in joint tenancy with a right of survivorship, and if the only purpose in making the will was to provide for a fee simple title in the survivor, there was no reason for the will. Our problem is not the determination of what property passed by the will, but whether or not there was a valid and binding contract controlling the disposition of the property by the survivor.

■■   I.   The trial court held that the will was joint and mutual. We agree. The distinction between joint, reciprocal and mutual wills is pointed out in the recent case of Father Flanagan's Boys' Home v. Turpin, 252 Iowa 603, 106 N.W.2d 637. A joint will is a single testamentary instrument constituting the wills of two or more persons, jointly executed. The term refers to form rather than substance. Reciprocal wills are those in which two or more testators make testamentary dispositions in favor of each other. Reciprocal wills may contain bequests to third persons. Wills, even though joint or reciprocal, are not necessarily established as mutual by being joint or reciprocal. We quote, beginning at page 607 of 252 Iowa, page 640 of 106 N.W.2d:

"* * * A will is 'joint' if it is the will of two or more persons in one instrument; 'reciprocal' if it contains reciprocal gifts or property among two or more makers; but it is 'mutual' in Iowa only if it is executed pursuant to an agreement. We quote from 97 C. J. S., Wills, section 1364, page 287: 'Under other authorities, the term "mutual," so far as it relates to wills, appears to be applied and confined by the courts to wills which are executed in pursuance of a compact or agreement between two or more persons to dispose of their property, either to each other or to third persons, in a particular mode or manner, each in consideration of the other.' Cited in support of this proposition are Luthy v. Seaburn, 242 Iowa 184, 46 N.W.2d 44, and Maloney v. Rose, 224 Iowa 1071, 277 N.W. 572. We agree with the statement quoted. The term 'mutual' is properly applied to wills only when there is evidence sufficient to show a binding agreement as to disposal of the property of the makers in a certain way. If there is not such evidence, the wills may be reciprocal, but they are not mutual."

▆▆ A greater quantum of proof than the mere execution of the wills is necessary to establish the wills as contractual. There must be substantial evidence. The proof may be by extrinsic evidence or it may appear on the face of the wills. Father Flanagan's Boys' Home v. Turpin, supra; In re Estate of Ramthun, 249 Iowa 790, 797, 89 N.W.2d 337, 341; and Barron v. Pigman, 250 Iowa 968, 972, 95 N.W.2d 726, 729.

In the case of In re Estate of Croulek, 252 Iowa 700, 107 N.W.2d 77, we held the specific provision that the will was not made pursuant to any agreement or contract was plain and unambiguous and the wills of husband and wife executed on the same date with reciprocal provisions were not mutual or the result of a contract.

▆▆ The same effect should be given to the plain and unambiguous provision contained in the opening paragraph of the joint will here. It is, "* * * and each being possessed of interests in certain property which we have mutually agreed and do hereby mutually agree each in consideration of the promise and act of the other to dispose of such property in the manner hereinafter set forth, * * *." Clearly each agreed to dispose of their property, "in the manner hereinafter set forth."

Appellant argues from In re Estate of Lenders, 247 Iowa 1205, 78 N.W.2d 536; Allinson v. Horn, 249 Iowa 1351, 92 N.W.2d 645; Levis v. Hammond, 251 Iowa 567, 100 N.W.2d 638; and Father Flanagan's Boys' Home v. Turpin, 252 Iowa 603, 106 N.W.2d 637, that there must be other evidence than the execution of the will. This is a misconception. Where, as here, the will itself states there is an agreement the evidence of, or facts of, the agreement, appears on the face of the will. We cannot disregard it.

The evidence of the scrivener that Meryl and Clyde wanted the will to conform to their joint tenancy holdings and his explanation of their right to revoke either before or after the death of one, even if not impeached to a large extent by statements made after the will was filed, do not require a contrary holding. What was actually done is clearly inconsistent with the right to revoke after the death of the first to die. If there was in fact no agreement they would hardly have executed a joint will plainly stating there was.

Our real problem is to determine "the manner hereinafter set forth." Item I devises a fee simple title in all real estate that would properly pass under its provisions as well as in all personalty. Schmidt v. Claus, 250 Iowa 314, 93 N.W.2d 592; In re Estate of Lewis, 248 Iowa 227, 80 N.W.2d 347; and citations in each. See annotation, 17 A. L. R.2d 7.

Appellees contend, and the trial court held, Item I is limited by Item II and the devise in Item I is a life estate and the fee vests in the remaindermen named in Item II. If the strict and arbitrary rule of construction contained in Schmidt v. Claus, supra, is applied, this holding could in no manner be upheld. However, as pointed out in the special concurring opinion in Schmidt v. Claus, the rule against repugnancy is highly technical and generally has the effect of reaching a result which the testator did not intend and which is contrary to the express intent of the will if it is construed in accordance with its plain language.

The purpose of construing a will is to determine the intent of the testator. This should be determined from the entire will and each part should be considered in relation to every other part and all provisions given effect unless clearly in conflict with some positive rule of law. No part of the will should be discarded without sound reason. Tague v. Tague, 248 Iowa 1258, 1262, 85 N.W.2d 22, and citations; and In re Estate of Lewis, 248 Iowa 227, 80 N.W.2d 347. See also In re Estate of Croulek, 252 Iowa 700, 107 N.W.2d 77, and citations.

When effect is given to all parts of the will we find the testators, Meryl and her husband, entered into a contract to devise their property, first to the survivor. In so doing in Item I they in no way limited the estate to the survivor. From the language there used we must as above stated hold they intended a fee simple. Second they wanted some property to go to the persons named in Item II. The questions are, What? and When? They made Item II subject to Item I, not the reverse. They stated when, "upon the death of the survivor of them." Whatever is to pass under Item II is subject to Item I and shall take effect upon the death of the survivor. The property to pass is stated as "the remainder of all of the property." To sustain the holding of the trial court we must interpret the word "remain-

der" as here used as meaning that which passes to a remainder-man after a life estate. This means the language of Item I must be held to devise only a life estate. It does not fairly bear such construction. No case has been cited to us, and we have found none, that holds the language used in Item I requires that construction. If the word "remainder" is construed as referring to all of the property remaining in the survivor's hands at the time of his death we have a construction of the entire will giving full effect to all provisions.

Our holding is, Meryl and Clyde made a joint and mutual will, that the will provides the survivor shall have fee simple title to the property of which the first to die died seized or possessed, and that upon the death of the survivor the property of the survivor is then given to the persons named in Item II. Compare Tiemann v. Kampmeier, 252 Iowa 587, 107 N.W.2d 689.

The case is reversed and remanded for a decree not inconsistent with this opinion.—Reversed and remanded.

All Justices concur except Snell, J., who takes no part.