**UNITED STATES of America,
Plaintiff,**

v.

**1,453.49 ACRES OF LAND, MORE OR LESS, Situated IN MARION, POLK, WARREN, AND JASPER COUNTIES, STATE OF IOWA, Ocean E. Campbell et al., Defendants.**

**Civ. No. 6–1601–C.**

United States District Court
S. D. Iowa,
Central Division.

Sept. 28, 1965.

Philip T. Riley, U. S. Atty., Des Moines, Iowa, for plaintiff.

Theodore T. Duffield, Des Moines, Iowa, for Ora F. Campbell.

John A. Jarvis, Chariton, Iowa, for Preston M. Brown.

HANSON, District Judge.

This action involves a dispute over proceeds of a certain tract of land which has become involved in condemnation proceedings by the United States. The land is identified as tract Nos. 1250E–1 and 1250E–2.

Ezra A. Campbell and Ocean E. Campbell made a will dated March 21, 1957. That will stated in part as follows:

> "We, Ezra A. Campbell and Ocean E. Campbell of Marion County, Iowa, being of sound mind and memory do hereby make, publish and declare this to be our joint and mutual last will and testament.
>
> The one preceeding the other in death does hereby give, devise and bequeath to the survivor of us, all his or her property both real and personal, wherever located to be his or hers absolutely.
>
> The survivor of us does give, devise and bequeath all his or her property to Ora F. Campbell to be his absolutely."

Ezra A. Campbell died on September 21, 1961. At the time of his death, Ezra A. Campbell and Ocean E. Campbell were each seized of an undivided one-half interest in tracts 1250E–1 and 1250E–2. They had been married for 51 years and had no children.

At the common law there was no such an estate as a fee simple for life. However, testators persist in attempting to do so and the Iowa court by adopting a trust theory has allowed something similar in mutual will cases. Tiemann v. Kampmeier, 252 Iowa 587, 107 N.W.2d 689; In Re Logan's Estate, 253 Iowa 1211, 115 N.W.2d 701.

Ocean Campbell has signed a deed purporting to convey tracts 1250E–1 and 1250E–2 to one Preston M. Brown, the nephew of Ocean Campbell. The effect of this deed is one of the principal issues to be resolved.

Ora Campbell contends that the conveyance of the land by Ocean Campbell to Preston M. Brown is invalid, contrary to the terms and provisions of the joint and mutual will, and designed for the sole purpose of defeating the contract and provisions of the will.

Ocean Campbell has deeded the property where her home is situated to her sister although she lives in it and has the privilege of doing so. She considers

that she willed it to her sister. She has similarly deeded part of her land, containing the tracts in question to Preston M. Brown. She has the same arrangement in that she gets the benefit of the property as long as she lives. She had an interest in property in Lucas County and has sold that. These transfers leave her without property except for the use and benefit reserved to her for her lifetime.

Ora Campbell claims there is no issue of repugnancy in the will. Ocean Campbell and Preston M. Brown claim that the devise to Ora Campbell was void for repugnancy. In addition, Ocean Campbell claims she had the right under the will to alienate the land and that the deed to Preston M. Brown did not create a trust as was done in Tiemann v. Kampmeier, supra, and Jennings v. McKeen, 245 Iowa 1206, 65 N.W.2d 207. No one questions the validity of this will or this type of will.

■ A remainderman is entitled to compensation when his future interest is condemned. Indiana, I. & I. R. R. v. Conness, 184 Ill. 178, 56 N.E. 402; Wheeler v. Town of St. Johnsbury, 87 Vt. 46, 87 A. 349; 43 Iowa Law R. 231, 246. The court believes it is not necessary to categorize this interest as a remainder. It is more like an executory devise. See 41 Iowa L.R. 601; 44 Iowa L.R. 523; 43 Iowa L.R. 241. In any event, the United States has not raised this issue and Preston Brown and Ocean Campbell cannot raise it after accepting compensation for both the present and the future interest.

■ In spite of the various possible interpretations of In Re Logan's Estate, supra, there are still things in Iowa which even a testator may not do. "There are some things, however, which even a testator may not do, and which the courts are powerless to aid him in doing, however clearly his intentions may be expressed. He cannot create a fee with absolute power of disposal, and at the same time clog that power of alienation by limitations over to another." In Re Barnes' Estate, 128 N.W.2d 188, amend-ed 130 N.W.2d 227 (Iowa). The Iowa court, however, does not apply this repugnancy rule in a case where a joint and mutual will is concerned. In Culver v. Hess, 234 Iowa 877, 14 N.W.2d 692, the court said:

"It is considered that the contractual element which enters into a joint will is the distinguishing feature of the mutual will. (Citations omitted)

The court held, and appellees argue, that in a will of the kind here considered there is a contractual element, and that a subsequent provision devising a remainder, if any, to third persons eliminates the question of repugnancy, and that the devises by the parties are made one in consideration of the other and therefore constitute a contract."

44 Iowa Law Review 523, 538 states:

"The court has ruled that after the death of one of the testators, the survivor may not, after accepting the benefits of the will, dispose of his property otherwise than according to the terms of the will."

Also, in the case of In Re Logan's Estate, supra, the Iowa court refused to hold either the present or the future interest was repugnant to the other where a mutual will was involved. In Re Lenders' Estate, 247 Iowa 1205, 78 N.W.2d 536, shows why this is true. The "remainderman" is claiming in such cases not under the testator's will but rather under the contract wherein the survivor has agreed not to revoke the mutual will.

In the present case, the will of Ezra A. and Ocean E. Campbell was a joint and mutual will. The will clearly and unambiguously states: "We, Ezra A. Campbell and Ocean E. Campbell * * *, publish and declare this to be our joint and mutual last will and testament." This is sufficient and indeed compels a holding that the will is joint and mutual. The court in the Logan case, 115 N.W.2d, pp. 701, 705, states: "Where, as here, the will itself states there is an agreement the evidence of, or facts of the agreement, appears on the face of the will. We cannot disregard it." The court there

held that if the will itself in plain and unambiguous language states that it is a mutual will such language cannot be ignored. Clearly, there was consideration for the mutual will. No one contends to the contrary. In the present case, the court must hold the will to be joint and mutual.

■■ Having found that the will is a mutual one and that the repugnancy rule does not apply, the court must point out the rights and remedies of the future interest. The Iowa court has construed this type of provision found in Section III of this mutual will and has stated what protection it affords the beneficiary. The rule is that the person coming into the possession of the property otherwise than as an innocent purchaser and not under the terms of the will is held in equity to be trustee thereof for him to whom it ought of right to have been devised. Child v. Smith, 225 Iowa 1205, 282 N.W. 316, 323; Tiemann v. Kampmeier, supra.

■ Clearly, Brown was not an innocent purchaser so the only question is whether he took the property consistent with the terms of the mutual will. In determining this question, the Iowa court follows very closely the words of the mutual will. Compare Tiemann v. Kampmeier, supra; In Re Lenders' Estate, supra; In Re Logan's Estate, supra; Jennings v. McKeen, supra. The mutual will in the present case says: "The survivor of us does give, devise and bequeath all his or her property to Ora F. Campbell to be hers absolutely." In the Lenders case the will said "of the property I may own at the time of my death." The court there emphasized the words "I may own." In the Kampmeier case, the will was more restrictive and the court gave meaning to those more restrictive words. The Logan case is like the present case in terms of the wording of the will, but the only indication the court gives as to the rights of such beneficiaries is the sentence: "Compare Tiemann v. Kampmeier * * *." Whether the court intended the same restrictions on aliena-

tion to apply as found in the Kampmeier case is not clear.

The case of Jennings v. McKeen, supra, is the same as the present case in most respects. The terms of the mutual wills are the same in that the bequest to the beneficiary was not conditioned on the survivor owning the property at death as was the situation in the Lenders case. Also, the parties to the mutual will had previously owned the property jointly. A deed was used to convey the property to a relative without consideration. A life estate was reserved in the deed. These facts all make Jennings v. McKeen, supra, on point with the present case. In the present case, jointly owned property was mutually willed and a deed conveying all was given by the survivor to a nephew without consideration and with the use and benefit of the property reserved for life. In Jennings v. McKeen, supra, the court held this could not be done as it amounts to a transfer in violation of the mutual will. The court so held without finding any fraud or intentional bad faith. The holding was based on the facts that the transfer depleted the estate, the lack of consideration, and the relationship of the parties.

Child v. Smith, supra, is another case wherein the mutual will read practically the same as the present case and the beneficiary was protected. The only difference is that while both that case and the present one involve what are essentially testamentary transfers, the transfer in the Smith case was by a new will and the present transfer is by deed to be effective, in terms of beneficial interest, at the grantor's death.

In the Lenders case, the court, in spite of the broad right of alienation given to the surviving spouse, restricted the right of alienation to gifts that are reasonable, absolute, bona fide, not testamentary in effect, and not made for the purpose of defeating the contract or having such effect. Thus the right of alienation is very restricted. This is the generally prevailing view. See 97 C.J.S. Wills § 1367e (2), p. 307. It is interesting to note that in the Lenders opinion, supra, 78

N.W.2d, p. 543, the court states that the transfer in the Jennings v. McKeen case, supra, was a will. It was in part only an inter vivos deed with a reserved life estate. There is at least a strong indication that an inter vivos transfer reserving a life estate would be considered testamentary. At least it is testamentary in effect and it is not absolute.

In conclusion, the court finds that the transfers in the present case left Ocean E. Campbell without property and thereby has the effect of defeating the contract and mutual will and that the transfers were made for that purpose. Further, the court finds that the transfers of the property to Preston M. Brown and Ora Campbell are not reasonable, not absolute, not bona fide, and are testamentary in effect. Of course, this ruling affects only the property in the condemnation proceedings. The trust theory as contended for by Ora Campbell is an available remedy in this type of case. Tiemann v. Kampmeier, supra; Child v. Smith, supra; Jennings v. McKeen, supra (that case was for specific performance but the court said the grantees stood in their grandmother's shoes).

■■ It is not necessary in this case to decide it on the question of undue influence. However, the testimony of Preston Brown and Ocean Campbell practically admits that Brown is holding the property in trust for the benefit of Ocean E. Campbell during her life. This is clearly a fiduciary relationship. Where this relationship exists between the grantee and the grantor, the burden is on the grantee to overcome a presumption of undue influence. Ellis v. Allman, 217 Iowa 483, 250 N.W. 172; Ennor v. Hinsch, 219 Iowa 1076, 260 N.W. 26; Merritt v. Easterly, 226 Iowa 514, 284 N.W. 397; Woolwine v. Bryant, 244 Iowa 66, 54 N.W.2d 759. Preston Brown did not produce the evidence required by these cases to overcome the presumption. This is an alternative ground for holding that the property should be held in trust subject to the rights of Ora Campbell under the mutual will and contract.

The parties have argued the Iowa law and have not contended any other law should be followed. The court feels that mutual wills which create limitations on an otherwise fee simple are unfortunate and are conducive to fraud and chicanery. It would be remiss not to quote the following language from 44 Iowa L.R., p. 523:

"Slipshod terminology, conflicting notions as to the revocability of wills, and the nature, effect, and evidence requirements of the obligations involved, and a general failure to discern concepts of contracts and wills have created such confusing results in litigation that many quarters have been led to question the feasibility of executing joint or mutual wills * * *.

No more controversial nor confused area now exists in the Iowa law of testamentary disposition than that occupied by joint and mutual wills. The decisional disorder has been further compounded by several recent opinions of the Iowa court which seemingly make significant inroads upon the few general principles which heretofore might have been gathered from the numerous older Iowa cases."

The court finds and will enter judgment that while Ora Campbell has no present right to the proceeds of the condemnation, the proceeds are held by Preston M. Brown subject to the rights of Ora Campbell under the contract and mutual will. Ocean E. Campbell has the right to use and spend the proceeds in any reasonable and bona fide manner.

It is ordered that the foregoing shall constitute the findings of fact, conclusions of law, and Order for Judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure.