GORDON, EXECUTOR, v. GREENING.

Opinion delivered January 10, 1916.

1. ADMINISTRATORS—EXECUTORS—COMPENSATION—STIPULATION IN WILL.
—A testator may limit the compensation to be received by the
executor of his will, by the terms of the will, and Kirby's Digest,
§ 134, providing for compensation to be paid an executor, will apply
only when the will does not otherwise provide.

2. ADMINISTRATION—REFUSAL OF EXECUTOR TO SERVE.—If the person or
persons named in a will decline to serve, letters of administration,
with the will annexed, shall be granted to the person to whom
administration would have been granted had there been no will.

Appeal from Ouachita Circuit Court; *C. W. Smith,*
Judge; affirmed.

*Gaughan & Sifford,* for appellant.

Under our Constitution and laws, a testator has no
power by will to fix the compensation of an executor, and
thus divest the probate court of its statutory power to
allow commissions. The authorities are conflicting. 124
Cal. 45; N. Y. S. 523; 38 App. Div. 473; 183 Pa. 296; 1
Ashm. 317; 1 Walker 77; 150 Pa. 301; 69 Ky. 648 (6
Bush); 9 *Id.* 421; 140 S. W. 1056; 76 *Id.* 15. But in Ark-
ansas the probate court may allow commissions in addi-
tion to the compensation fixed by the will. Art. 7, section
1, Constitution; Kirby's Digest, § 1340; 14 Ark. 298; 91
*Id.* 76; 42 S. W. 753, etc. A testator can not interfere
with our administration statutes and take from the pro-
bate court its discretion, but, if so, a proper construction
of the will does not pretend to fix the executor's fees. 14
Ark. 300.

*Thomas W. Hardy,* for appellees.

The testator has the right to fix the compensation of
his executor in his will, and the executor is bound by it if
he qualifies and acts under the will. 23 Ark. 795; 14 *Id.*
298; 42 Ala. 409; 69 Ky. 648; 13 La. Ann. 193; 8 Metcalf
(Mass.) 566; 125 Penn. 544; 181 *Id.* 478; 125 Cal. 195; 124
*Id.* 45; 112 S. W. 120; 8 Paige, N. Y. 412; 38 N. Y. App.
Div. 473; 126 N. Y. 285; 18 Cyc. 1143. "It is the duty of
courts to so construe a will as to give effect to the inten-

tion of the testator as expressed in the language used.'' 90 Ark. 154; 3 Pet. U. S. 346; 117 U. S. 471; 93 Va. 320; 4 Pick. 198; 40 Cyc. 1382.

The amount fixed as to compensation was reasonable, but reasonableness has absolutely nothing to do with the issue involved. A person named as executor can decline to qualify, but if he accepts he is bound by the terms of the will.

SMITH, J. George L. Ritchie, a citizen of Camden, died in the fall of the year 1913, leaving an estate valued at more than $400,000 which consisted of a mercantile business in the city of Camden, which he had carried on for many years, during that time selling almost entirely on a credit to many customers in Ouachita and other counties, many with security and many without. The amount furnished yearly from his store was between $25,000 and $40,000, and the number of his customers was around 300. The notes and stock of goods at the time of his death inventoried a little over $63,000. The balance of the estate consisted of lands, stocks, bonds and notes of different people, some wholly, and some partly, secured.

Before his death, he made and executed a will which, except four specific bequests to distant relatives of small amounts, divided his estate equally into twenty-one parts.

The will directed that the estate might be kept together for the period of three years, and that the mercantile business should be carried on for three years for the purpose of realizing as much as possible from it.

George R. Gordon, who is the appellant here, was appointed executor in said will. He was one of the nephews of the testator, and one of the twenty-one legatees, receiving an equal share with the other legatees.

Prior to the death of the said testator, appellant had been bookkeeper in the store for a number of years, and was well acquainted with the business affairs of the testator, and had been paid a salary of $100 per month.

At the end of the first year of appellant's services as executor of said estate he filed his settlement with the pro-

bate court, showing the distribution of the sum of $164,-
745.97 to the legatees. In said settlement the probate
court allowed appellant $150 per month as manager of the
mercantile business, and his expenses for carrying on the
same, and 2 per cent. commission on the amount dis-
tributed.

Certain of the legatees filed exceptions to the allow-
ance of the 2 per cent. commission. These exceptions were
overruled by the probate court, and an appeal was duly
prosecuted to the circuit court, where, upon a trial anew,
the exceptions were sustained, and the executor was di-
rected to charge himself back with the 2 per cent. allowed
him as commissions, and this appeal has been duly prose-
cuted from that judgment.

The exceptions to the allowance of this commission
were grounded on the last paragraph of the will, which
reads as follows:

"I direct that my said executor, George R. Gordon,
shall for three years after my death continue the mercan-
tile business in which I am now engaged, with the end in
view of realizing as much as possible from the indebted-
ness due me from the various parties whom I am now, and
will then be, furnishing or supplying, after which time the
notes and accounts and stock of merchandise may be sold
by my said executor at public or private sale. For his
services in continuing the said business and winding up
said estate he shall receive the sum of one hundred and
fifty dollars per month for such time as he may be so en-
gaged."

Two questions are presented: The first is the right
of a testator to fix the compensation to be paid his execu-
tor. The second is whether the testator fixed appellant's
compensation.

While there is some conflict in the authorities, the
great weight of authority sustains the proposition that a
testator can fix the compensation of his executor.

In support of the contrary view, appellant cites and
relies upon the case of *Frazer* v. *Frazer*, 76 S. W. 15. That
was a case decided by the Court of Appeals of Kentucky,

and the facts were that the testator directed that the executor serve without compensation, yet upon final settlement he was allowed compensation. It appears, however, that the provision of the will, that the executor should serve without compensation, was inserted in the will by reason of an advantage given the executor, who was a son of the testator, in the division of the estate, which he did not obtain by reason of the widow's refusal to take under the will. The court there said that, because of this refusal, and the consequent defeat of the testator's intention, compensation would be allowed, but the court also said, "But under the circumstances of the case, we do not think that he (the executor) ought to have anything near the statutory compensation," and in the opinion there the court called attention to the fact that there were several decisions of that court in which it had been held that the executor was not entitled to anything as compensation, where the will provided that no compensation should be paid.

The relation of testator and executor created by a will, is one of great trust and confidence, and we see no reason why a testator should, not only be allowed to name his executor, but should not also be allowed to fix his compensation. At common law an executor was not allowed compensation, but that rule has been changed in this State by statute. Section 134 of Kirby's Digest provides the maximum compensation to be allowed administrators and executors, but this section must be construed to apply when the will has not otherwise provided. Certainly, if the will fixed a greater compensation than that allowed by statute, it would not be contended that only the statutory commissions could be allowed. If the executor named in the will is not willing to serve for the compensation fixed by the will, he is not required to serve, but may decline to do so. If the person or persons named in the will decline to serve, the statute expressly provides that letters of administration, with the will annexed, shall be granted to the person to whom administration would have been granted had there been no will. Section 12, Kirby's Digest.

We are not now called upon to decide what the commission of an administrator would be under those circumstances, as that question is not presented. It is sufficient for the decision of this case to say that the appellant had the option of serving for the compensation named in the will, or of declining to serve. Ordinarily the compensation is not fixed by the testator, in which event the compensation is fixed by the court in such sum as is found to be fair and just, not exceeding, however, the limitations fixed by section 134 of Kirby's Digest.

The proof shows that after appellant qualified as executor, he employed a man to perform the duties which he had performed in the lifetime of his uncle, and all of the services which were rendered by him were rendered as executor, that is, he did those things which would have been done had some other person been named instead of himself.

We think the proper interpretation of the paragraph set out above is that the testator intended that his executor should receive as full compensation "for his services in continuing the said business and winding up said estate," the sum of $150 per month. It was contemplated that this service would probably continue for the period of three years, in which event a total compensation of $5,400 would be earned. The testator intended that this sum should be full compensation for all services rendered by his executor, and the judgment of the court below will, therefore, be affirmed.

HART, J., dissents.