ESTATE OF CHAYKA: SANTINI, Administrator, w. w. a.,
Appellant, v. CHAYKA, Respondent.

*No. 51. Argued October 31, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 632.)

For the appellant there was a brief by *Roberts, Boardman, Suhr & Curry* of Madison, attorneys, and *Santini, Jacobs & McDonald* of Ironwood, Michigan, of counsel, and oral argument by *Bradway A. Liddle, Jr.*, of Madison.

For the respondent there was a brief and oral argument by *L. William Connolly* of Milwaukee.

ROBERT W. HANSEN, J. The only question raised on appeal is whether the instant will, being joint, mutual and reciprocal, was founded on contract and thus binding on the survivor.[1] The trial court held the will not to be founded on contract.

In the present case, respondent made a motion for a construction of the will but offered no evidence as to whether an underlying contract to execute the October 9, 1961, will existed. Appellant contends that, in the absence of any testimony or evidence to the contrary, the joint, mutual, reciprocal will itself is prima facie evidence of such a contract. Appellant submits that, under the Wisconsin cases, there is a presumption that such joint will is founded upon a contract to execute, and that such presumption stands unrebutted in this case. We agree.

Forty-four years ago, this court held that a contract to make mutual and reciprocal wills may be conclusively presumed or inferred from the provisions of the will themselves, especially if there is a jointly executed will.[2]

---

[1] A second issue as to the entitlement to possession of the bearer bonds has become moot.

[2] "The fact that these wills constitute but a single document, that they were executed at the same time, that each of the testators knew of the provisions made in the will of the other, . . . conclusively indicates that the two wills resulted from a mutual agreement between the testators and that their provisions were in

Subsequently, this court made clear that such inference of contractual basis arises even though jointly executed wills do not expressly purport to be based upon contract, do not contain the word "contract" or include an express promise that the survivor will carry out the dispositions in the will.[3] It is important that the legal consequences of executing a joint, mutual, and reciprocal will remain clear, fixed and predictable. Conceding some persuasiveness to arguments for a contrary holding, this court recently reaffirmed the presumption of an accompanying contract to execute where a joint reciprocal will was involved.[4]

We hold that, under the facts here present, a conclusive inference arises that the joint, mutual and reciprocal will was executed pursuant to a contract binding upon the survivor.

*By the Court.*—Order reversed.

accordance with such prior agreement." *Doyle v. Fischer* (1924), 183 Wis. 599, 608, 198 N. W. 763.

[3] "Here we have a situation where the surviving testator, Kreszensia Schwartz, received all of her husband's property by reason of the joint will, when, if he had died intestate, she would only have received part. Other material facts are that the wills of both testators were embodied in a single instrument and each left all of testator's property to the survivor, the children to take upon the death of the survivor, regardless of which testator died first.

"Because of these facts, we consider that the instant appeal is ruled by the decision of this court in *Doyle v. Fischer, supra*." *Schwartz v. Schwartz* (1956), 273 Wis. 404, 410, 78 N. W. 2d 912.

[4] "Whatever infirmities are believed to exist in the *Doyle-Schwartz* rationale, nevertheless this jurisdiction is, on the basis of *stare decisis*, committed to it.

"We conclude therefore that the language of the joint reciprocal wills of 1948 and 1949, though containing no contractual language, does give rise to the conclusive inference that they were executed pursuant to a preexisting agreement that was contractual in nature." *Estate of Hoeppner* (1966), 32 Wis. 2d 339, 344, 145 N. W. 2d 754.