Bettina B. IWERSON, Individually and as Duly Appointed Personal Representative of the Estate of Frank Beals *v.* Nicholas DUSHEK et al

76-93                                      543 S.W. 2d 942

Opinion delivered December 13, 1976
(Division II)

*John C. Schaller,* San Jose, Cal., and *Charles N. Williams,* for appellant.

*Paul Jackson,* for appellees.

Elsijane T. Roy, Justice. Appellees, relatives of Ida D. Beals, brought this action against appellant Bettina B. Iwerson (daughter of Frank Beals) for the purpose of compelling specific performance of an alleged oral contract between Ida D. Beals and Frank Beals to make joint and mutual wills. The action also prayed that Mrs. Iwerson be constituted a trustee of certain assets which appellees would have received had the terms of the wills been consummated. From a decree in favor of appellees Mrs. Iwerson brings this appeal.

On November 20, 1962, Frank Beals and Ida B. Beals executed joint and mutual wills in one document,[1] creating a testamentary plan in favor of the surviving testator as a life tenant with remainders in the heirs at law of both testators. The pertinent provision of the wills reads as follows:

> 3rd. All the rest and residue of my estate, real personal and mixed, wherever situate, I give, devise and bequeath to my spouse, for life with full power to use, invest, reinvest, manage, control any part or parts thereof for the care, maintenance, comfort, convenience, recreation and pleasure of said spouse; and to execute all necessary quittances and assurances pertaining thereto; and at death of said spouse, all remainder in said estate to the

---

[1] A photocopy of the document is attached as an appendix to this opinion.

following persons to the extent shown, to wit: (a) To Mrs. Bettina B. Iwerson (daughter of Frank L. Beals) if living; and if deceased, in equal parts of her nearest next of kin, per stirpes; one half (1/2); (b) To Nicholas Duchek (brother to Ida D. Beals) one fourth, (1/4); (c) To the surviving children (or heirs, per stirpes) of Rosemary Mabbott (sister to Ida D. Beals), and this date including Susan, Lynn, Jill, Ann, James and Michael; one fourth (1/4).

Frank and Ida were married May 1, 1941, and lived together until Ida's death on May 13, 1972. No children were born of their marriage. Appellant is Frank's daughter by a previous marriage.

Frank Beals, although some 30 years older than his wife, survived her and qualified as executor of her estate. He served as such executor until his death on August 31, 1972. On May 17, 1972, (four days after Ida's death) Frank executed a holographic will, leaving his entire estate to appellant.[2] On August 22, 1972, he executed a declaration of trust, conveying the assets of Ida Beals' estate to himself as trustee for the exclusive use and benefit of himself and appellant, for maintenance in their accustomed manner of living and/or for any other purposes the trustee believes to be in the best interest of the said beneficiaries. Attached to the trust document as Schedule A was a list of assets substantially in excess of $300,000 in market value. By amendment to the trust on August 29, appellant was designated as sole beneficiary to the exclusion of Ida Beals' relatives.

At her father's request appellant came from California to Eureka Springs on May 2, 1972, to take care of him. However, she gave no money or property to her father for the beneficences awarded her under the trust and his holographic will. While Frank Beals was alive she received a home in Eureka Springs from him together with $20,000 to pay the mortgage thereon and other gifts of furniture and personal property. These assets were not made a part of Ida Beals' es-

[2] In an unpublished opinion, *Iwerson* v. *Mabbott*, No. 75-241 (July 19, 1976), we affirmed the probate court in its decision that Frank Beals could not dispose of property passing to him under the residuary clause of the will of Ida Beals by a subsequent will leaving all the property to his daughter, Bettina Iwerson.

tate, and the court specifically found that Mrs. Iwerson could retain this property.

In *Janes, Excr.* v. *Rogers,* 224 Ark. 116, 271 S.W. 2d 930 (1954), we held a contract for reciprocal wills need not be expressed in the wills, but may arise by implication from circumstances which make it clear that the parties had such wills in mind and that they both agreed to the terms of the testamentary disposition made therein.

Here the wills are not only reciprocal in terms, but both are contained in one document, executed by the testators contemporaneously and necessarily in identical terms. The document and the circumstances surrounding it indicate an agreement by Frank and Ida Beals concerning disposition of their properties. In fact the document is itself in the nature of a contract, being dated, signed by the parties and signatures witnessed by three persons.

The major part of the property was held in Ida's name,[3] who was 30 years younger than Frank. It is logical to assume that Frank thought he would die first and wanted to be sure his only daughter would receive the benefit of half of the joint estate after Ida's death. Provision in the wills for all surviving kin of both testators is significant of the agreement and intentions of the testators at the time. The testimony also reflected that Frank and Ida acted jointly in almost everything.

The limited power of disposition under the joint wills reposed in Frank Beals the right to utilize the assets of the estate for his well-being subject to the limitations set out therein. It did not give him the right or power to convey by will *or by trust* the remainder of the estate to his daughter on his death, rather it contemplated an equitable division of the residue among the various heirs of both testators.

In *Owen* v. *Dumas,* 200 Ark. 601, 140 S.W. 2d 101 (1940), we dealt with a will containing a limited power of disposition. *Owen* held that under the will of the deceased, by which he gave all of his property to his wife in trust for herself

---

[3]The record reflects one reason most of the property was in Ida Beals' name was because Frank Beals had transferred it to her to avoid paying a large sum of back alimony for which judgment against him had been secured in Illinois.

and his children with power to sell when necessary for her support and maintenance, and/or for the maintenance and education of his minor children, the wife acquired a life estate only and that she had no power to sell the property except for the purposes mentioned in the will. See also other cases cited therein.

It is illogical to argue, as appellant did, that Frank's actions in establishing the trust should be sustained as being for his use and "recreation and pleasure." In *Galloway* v. *Sewell*, 162 Ark. 627, 258 S.W. 655 (1924), we held:

> As a general rule the use of a thing does not mean the thing itself, but means that the user is to enjoy, hold, occupy, or have in some manner the benefit thereof. If the thing to be used is in the form or shape of real estate, the use thereof is its occupancy or cultivation, etc., or the rent which can be obtained for its use. If it is money or its equivalent, generally speaking, it is the interest which it will earn. (Citations omitted.)

The facts we have detailed here and others, upon which we need not elaborate, certainly indicate the preponderance of the evidence supports the chancellor's finding "that the joint wills of Frank and Ida Beals were the result of a contract between them, and once Ida Beals died, Frank Beals could not in equity violate the agreement." Accordingly we hold the trust invalid as exceeding the limited power of disposition under the wills.

We have considered the various arguments advanced by appellant for holding the trust valid and also the allegations made as to errors in the trial court proceedings; however, we find these contentions to be without merit.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH, JONES, BYRD and HOLT, JJ.

# APPENDIX

L A S     W I L L and T E S T A h    N T

---------- of ---------

**FRANK L. BEALS**                                     **IDA D. BEALS**

I, Frank L. Beals, a citizen and resident of Eureka Springs, Carroll County, Arkansas, over the age of 21 years, and of sound and disposing mind and memory, husband of Ida D. Beals, spouse, hereby, make, publish, and declare this to be my last will and testament and cancel and revoke all other instruments of like kind by me at any time heretofore made, as follows:

I, Ida D. Beals, a citizen and resident of Eureka Springs, Carroll County, Arkansas, over the age of 21 years, and of sound and disposing mind and memory, wife of Frank L. Beal spouse, hereby make, publish and declare this to be my last will and test ament, and cancel and revoke all other instruments of like kind by me at any time heretofore made, as follows:

1st. From whatever estate I may own at death, I direct all my just debts be paid.

2nd. I give and bequeath the following sums to
(a) St. Elizabeth's Catholic Church, Eureka Springs, Arkansas $1000.00
(b) Arkansas Children's Home, Little Rock Arkansas . . . . . . 200.00
(c) Ark. Lighthouse for the Blind, Little Rock, Arkansas . . . 200.00
(d) Arkansas T. B. Association, Little Rock, Arkansas . . . . . 200.00
(e) Dominican Monastary of St. Jude, Marbury, Alabama . . . . . 100.00
(f) Children's Memorial Hospital, Chicago, . . . . . . . . . . 300.00

3rd. All the rest and residue of my estate, real personal and mixed, wherever situate; I give, devise and bequeath to my spouse, for life with full power to use, invest, re-invest, manage, control any part or parts thereof for the care, maintainance, comfort, convenience, recreation and pleasure of said spouse; and to execute all necessary quittances and assurances pertaining thereto; and at death of said spouse, all remainder in said estate to the following persons to the extent shown, to·wit:
(a) To Mrs. Bettina B. Iwerson(daughter of Frank L. Beals)if living; and if deceased,·in equal parts to her nearest next of kin, per stirpes; one half(½)
(b) To Nicholas Dushek (brother to Ida D. Beals) one fourth,(¼);
(c) To the surviving children(or heirs,per stirpes) of Rosemary Mabbott (sister to Ida D. Beals), and this date including Susan, Lynn, Jill, Ann, James and Michael; one fourth(¼).

4th. In the event my said Spouse predeceases me, I give, devise and bequeath all the said remainder of my estate and residue, to the beneficiaries named in the preceding paragraph, in the same proportions and under same conditions as are there stated.

5th. In the event myself and my said spouse expire in or as a result of common accident of catastrophe, it shall be conclusively presumed that the survivor(actual or legal) derived title to and became vested with ownership of all assets of the spouse under the will of said spouse(identical in tenor, date and attestation, herewith,(except as to names of testator and of spouse). It is declared that no marshalling of assets shall be required; and that the word"spouse" as herein used, designates the individual herein so identified, and no other.

6th. I name and appoint my said spouse, if qualified and willing, to execute this instrument; or in the alternative, the said NICHOLAS DUSHEK to be executor; in either case, to serve without bond.
The legacies set out in Paragraph 2nd. above, shall not be payable hereunder if like legacies previously have been paid by estate of my said spouse.

IN WITNESS, I here set my hand this *twentieth* day of November, 1962.

*Frank L Beals*                           *Ida D. Beals*

The foregoing instrument was signed and to us declared to be his last will, by the above FRANK L. BEALS in the presence of each of us, who at his request and in his presence and in the presence of each other, here sign our names as witnesses, this date last about written.

The foregoing instrument was signed and to us declared to be her last will by the above IDA D. BEALS in the presence of each of us, who at her request and in her presence and in the presence of each other here sign our names as witnesses, this date last above written.