Lowe SMITH *v.* The ESTATE OF Sadie Hill SMITH

87-133                                    732 S.W.2d 154

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*Baim, Gunti, Mouser, Bryant & DeSimone,* for appellant.

No response by appellee.

STEELE HAYS, Justice. Appellant, Lowe Smith, and his wife, Sadie Smith executed a mutual will on July 27, 1985 which provided that each would leave his or her property to the survivor. The will specifically described real property and generally described personal property and provided that on the death of the survivor the real and personal property should be divided equally among two children and seven grandchildren, the appellees.

Sadie Smith died on April 1, 1986 and her will was admitted to probate on May 23, 1986. Appellant filed a petition to construe the will, requesting that it be found that the will imposed no restriction on the sale, transfer or other alienation of the real or personal property.

The probate judge found that appellant had a life estate in the property and the will gave him no right to convey by deed, will or trust, any part of the estate except the interest of a life tenant. It is from that order that appellant brings this appeal.

The pertinent provisions of the will are these:

## II

We intend that this be a mutual will, which will is executed on July 27, 1985, and pursuant to an agreement between us to make mutual wills, each leaving his property to the survivor and each agreeing that the survivor leaves his property to the heirs listed in Paragraph V below.

III

We give and devise the following real property to the survivor:

[land description]

IV

We give and bequeath all of our personal property, including money and household furniture and any other form of personal property to the survivor.

V

Upon the death of the survivor, the real property listed in Paragraph III and the personal property listed in Paragraph IV shall be divided in interest in nine equal parts, share and share alike, between our two children, [names of children] and our seven grandchildren, [names of grandchildren].

Appellant argues that the bequest to him in Paragraph III and IV are gifts in fee simple and that the language in Paragraph II and V is not sufficient to limit the gift to a life estate.

The law is clear on this issue, when construing a simple will. First, whenever an estate in lands is created by a will, it is deemed to be an estate in fee simple, if a lesser estate is not clearly indicated. *Ahrens* v. *McNutt*, 250 Ark. 941, 467 S.W.2d 721 (1971). Here, the devise of the real property and the bequest of personal property did not indicate clearly any lesser estate than fee simple in Paragraph II, III or IV, so under the rule both would be deemed to be absolute.

Next, we must consider the effect on such a gift, of subsequent gifts in the will:

It is the rule that where property is given in clear language sufficient to convey an absolute fee, the interest thus given shall not be taken away, cut down or diminished by any subsequent vague and general expressions. If it is clearly the intention of the testator that the devisee shall own the fee simple, his subsequent language, directing that what remains of the property at the death of that devisee shall devolve upon a particular person or class of persons, will

not cut down the fee to a life estate. The fee, being vested by express and appropriate words, will not be diminished by subsequent words of a vague and general character which are absolutely repugnant to the estate granted. *Ahrens, supra.*

While this rule of construction is well established, we have not before considered it within the context of a joint will.[1] We are persuaded that the contractual nature of a joint will alters the rule. See 79 Am.Jur. Wills, § 768 et seq.

In *United States* v. *1,453.49 Acres of Land*, 245 F. Supp. 582 (S.D. Iowa 1965) a will was construed under Iowa law. The court dealt with the rule stated above within the context of a joint will:

> It is considered that the contractual element which enters into a joint will is the distinguishing feature of the mutual will. . . . [I]n a will of the kind here considered there is a contractual element, and that a subsequent provision devising a remainder, if any, to third persons eliminates the question of repugnancy, and that the devises by the parties are made one in consideration of the other and therefore constitute a contract. . . . The 'remainderman' is claiming in such cases not under the testator's will but rather under the contract wherein the survivor has agreed not to revoke the mutual will. See generally, 79 Am.Jur. Wills, § 782, 783.

The question then is what disposition may the survivor make that is consistent with the terms of the will. It is stated in 85 ALR3d 8, Disposition of Property Under Joint Will:

> It is generally held that regardless of the interest given to the survivor in a joint or mutual will, as long as there is no express provision to the contrary the survivor has the power to dispose of the property for necessities, support and maintenance.

Similar language is found in 97 C.J.S. Wills, § 1367:

---

[1] The validity of joint wills, permissible under our cases, *Iwerson* v. *Dushek*, 260 Ark. 771, 543 S.W.2d 942 (1976); *Janes Exc.* v. *Rogers*, 224 Ark. 116, 271 S.W.2d 930 (1954); *George* v. *Smith*, 216 Ark. 896, 227 S.W.2d 952 (1950), is not an issue in this case.

> Where an agreement as to mutual wills does not define the survivor's power over the property, but merely provides as to the disposition of the property at his death, the survivor may use not only the income, but reasonable portions of the principal, for his support and for ordinary expenditures, and he may change the form of the property by reinvestment and the like; but he must not give away any considerable portions of it or do anything else with it that would be inconsistent with the spirit or the obvious intent and purpose of the agreement.

In *United States* v. *1,453.40 Acres of Land, supra,* the court held, consistent with those principles, that the survivor of a joint will, with terms like those in this will, could not devise a tract of land to a stranger to the will, as it defeated the contract. However, the court found the survivor could use proceeds from condemnation of the property in any reasonable and bona fide manner. To the same effect see *Moline National Bank* v. *Flemming,* 91 Ill. App.3d 398, 46 Ill.Dec. 883, 414 N.E.2d 936 (1980).

■ In the joint will before us, there is no express provision limiting the survivor's power to dispose of the property. The appellant, therefore, may dispose of the property devised to him for reasonable needs for necessities, support and maintenance.

The decree below is affirmed as modified by this opinion.