Wael ABDIN *v.* Delores ABDIN

CA 07-140                                                                    270 S.W.3d 361

Court of Appeals of Arkansas
Opinion delivered December 19, 2007

*Hatfield & Lassiter*, by: *Richard F. Hatfield*, for appellant.

*McMath Woods, P.A.*, by: *Will Bond*, for appellee.

DAVID M. GLOVER, Judge. Appellant, Wael Abdin, appeals from an order refusing to award him expenses and fees for attempting to probate a lost will. We find no error and affirm.

Mike Abdin died on March 15, 2000, shortly after returning home from a trip to his native Israel. His widow, appellee Delores Abdin, probated a 1984 will that named her executrix and left most of Mike's estate to her or the couple's two daughters. Thereafter, Mike's brother, appellant Wael Abdin, filed a petition to probate a lost will that Mike allegedly executed in the Arabic language while visiting Israel in January 2000. This will left nothing to Mike's wife and daughters. We described it in a prior appeal, *Abdin v. Abdin*, 94 Ark. App. 12, 223 S.W.3d 60 (2006) (*Abdin I*), as follows:

> An English translation of the typed will shows it to be rather unusual by Western standards. It is made "In The Name of Allah Most Gracious Most Merciful," and it makes no precise bequest of money or property to any person. Instead, it provides for "the amount of money and property I have specified for my three sisters (and a Share for my family) according to the Islamic law of Allah and His Messenger," with the "biggest share" going to "my sister Hala." It also contains several provisions stating that the testator "would like" for the following to occur: 1) Wael to invest Hala's share for her; 2) Wael to buy a house and "make it an Islamic trust," to be leased, with the proceeds going to his other sisters; 3)

"you to build a Mosque" in Jerusalem named after Mike; 4) Wael to send someone to perform the Hajj obligation on behalf of Mike and his mother; 5) his brothers and sisters to buy a new store for his younger brother, Muhannad. Finally, the will states that the testator had:

> left some signed checks with my brother Hani, so you may make use of them after I pass away.... From the family share, I would like you to build a DeWan (Hall or a Family Center) and to name it after my father's name....

*Abdin I*, 94 Ark. App. at 13-14, 223 S.W.3d at 61-62.

Following a hearing on July 20 and 21, 2004, the circuit court found that Wael failed to prove Mike's signature on the Israeli will. The court refused to admit the will to probate, and we affirmed in an opinion issued January 16, 2006. *Abdin I, supra.*

After our decision in *Abdin I*, Wael returned to circuit court and filed a petition to recover over $100,000 in expenses and fees incurred in his unsuccessful attempt to probate the lost will. He relied on Ark. Code Ann. § 28-48-109(a) (Repl. 2004), which provides:

> When any person nominated in a will as executor or the administrator with the will annexed, in good faith defends the will or prosecutes any proceedings for the purpose of having it admitted to probate, whether successful or not, he or she shall be allowed out of the estate his or her necessary expenses and disbursements including reasonable attorney's fees in such proceedings.

This statute permits two classes of litigants to recover necessary expenses and attorney fees incurred in the unsuccessful defense or probate of a will: 1) a person nominated in a will as executor; or 2) an administrator with the will annexed. The trial court found that Wael fell into neither of these categories and dismissed Wael's petition. Wael appeals from that ruling.

Probate cases are reviewed de novo on appeal, and we do not reverse the trial court's decision unless it is clearly erroneous. *Cloud v. Brandt*, 370 Ark. 323, 259 S.W.3d 439 (2007). A trial court's conclusion on a question of law is given no deference on appeal. *N.W. Ark. Recovery, Inc. v. Davis*, 89 Ark. App. 62, 200 S.W.3d 481 (2004).

We first address Wael's argument that he was a "person nominated in a will as executor." He concedes that the lost will named no executor and did not expressly nominate him as such. However, he claims that the will's language manifested an intent that he act as executor. He points to the will's request that he secure his older sister's share and invest it for her; that he buy a house, place it in an "Islamic trust," lease it, and have the rent paid to two other sisters; and that he send someone to perform the Hajj obligation on behalf of Mike and his mother. He also claims that the request that an unspecified person, "you," build a mosque, use the signed checks, and build a dewan, refers to him and manifests the same intent. As authority, he cites *In re Parker's Estate*, 202 Cal. 138, 259 P. 431 (1927), *Des Portes v. Des Portes*, 157 S.C. 407, 154 S.E. 426 (1930), and *Estate of Baird v. Baird*, 196 Cal. App. 3d 957, 242 Cal. Rptr. 246 (1987), for the proposition that a person may be deemed an executor if the testator asks him to perform duties normally associated with a personal representative.

We make no ruling as to whether section 28-48-109(a) applies when a person's nomination as executor is implied rather than expressed. Instead, we hold that, even if such an interpretation were permitted under our strict construction of attorney-fee statutes, *see City of Little Rock v. Quinn*, 35 Ark. App. 77, 811 S.W.2d 6 (1991), we are not persuaded that the will in this case clothed Wael, even impliedly, with the status of an executor. While the will asked Wael to perform several tasks that are in the nature of an executor's duties, it made similar requests of an unnamed person, "you." The will's overall language indicates that "you" may well have included all of Mike Abdin's brothers and sisters rather than Wael alone. One provision asked that "you, brothers and sisters" buy a new store for a younger brother "because you as you know my father and my mother used to love him very much. . . ." Another provision stated that the testator "would like that all of you have a good relationship with my wife and with my daughter[s]." A subsequent paragraph provided that the testator "left some signed checks with my brother Hani, so you may make use of them. . . ." Given these provisions, the trial court could reasonably have interpreted the will as a series of requests to various family members without naming an executor. Thus, no clear error occurred. *See Metzgar v. Rodgers*, 83 Ark. App. 354, 128 S.W.3d 5 (2003) (holding that the trial court's findings regarding

ambiguous provisions of a will are not overturned unless clearly erroneous).[1]

█ We likewise agree with the trial court's finding that Wael did not qualify as an administrator with the will annexed. When a decedent leaves a will that does not nominate an executor, or the person named as executor cannot serve, the court appoints an administrator with the will annexed to perform the duties connected with settlement of the estate. *See Whitlow v. Patterson*, 195 Ark. 173, 112 S.W.2d 35 (1938); *Gordon v. Greening*, 121 Ark. 617, 182 S.W. 272 (1916). *See also* 34 C.J.S. *Wills* ( 947 (1998). In order to have an administrator with the will annexed, the will must first have been deemed valid and duly admitted to probate. *See* 34 C.J.S. *Wills* § 947 (1998); *Luckey v. Superior Court*, 209 Cal. 360, 287 P. 450 (1930).

The lost will in this case was never deemed valid and duly admitted to probate; consequently, it is not possible for Wael to qualify as an administrator with the will annexed. Wael recognizes this but argues that section 28-49-109(a) inconsistently permits recovery of expenses and fees for a legal impossibility: the unsuccessful probate of a will by an administrator with the will annexed. In fact, no such inconsistency exists. The statute applies not only to the unsuccessful probate of a will but to the unsuccessful defense of a will as well. It reads: "When any person nominated in a will as executor or the administrator with the will annexed, *in good faith defends the will or prosecutes* any proceedings for the purpose of having it admitted to probate . . . ." (Emphasis added.) It is perfectly conceivable that an administrator with the will annexed, properly appointed after probate, could be called upon to defend the will. If his defense were unsuccessful, the statute would apply and allow him to recover his necessary expenses and fees from the estate.

Based on the foregoing, we affirm the trial court's ruling that Wael lacked the capacity to seek fees and expenses under section 28-48-109(a). Our holding makes it unnecessary to address Wael's argument that he propounded the lost will in good faith and

---

[1] Although the trial court did not elaborate on its basis for finding that Wael was not nominated in the will as executor, we may uphold the court's finding if it is correct for any reason. *Fritzinger v. Beene*, 80 Ark. App. 416, 97 S.W.3d 440 (2003).

Delores's argument that Wael's fee petition was untimely under
Ark. R. Civ. P. 54(e).

Affirmed.

HEFFLEY and BAKER, JJ., agree.