2009 Ark. App. 819

**Robert DOTSON, Sr., Appellant**

**v.**

**Irma L. DOTSON and Estate of Elbert Dotson, Deceased, Appellees.**

No. CA 09–246.

Court of Appeals of Arkansas.

Dec. 9, 2009.

Rehearing Denied Jan. 20, 2010.

Friday, Eldredge & Clark, LLP, Fayetteville, by: R. Christopher Lawson, for appellant.

Sprott & Golden, Harrison, by: Catherine F. Golden, for appellee.

LARRY D. VAUGHT, Chief Judge.

Appellant Robert Dotson brings this interlocutory appeal from the decision of the Probate Division of the Carroll County Circuit Court. Robert contends that the circuit court erred in finding that Mark Dotson's claim, pursuant to the After–Born Child Statute, extinguished Robert's rights as a named beneficiary of the joint will of Elbert M. Dotson and Irma L. Dotson. We affirm.

On November 21, 1958, Elbert and his wife Irma, the appellee, signed and filed a joint Last Will and Testament. At the time, Elbert and Irma had no children, but Elbert had a nephew, Robert. The will provided:

> It is our will and desire, and the will and desire of each of us, that one-half of all real and personal property owned by us jointly, or by Elbert M. Dotson separately, shall go to [Robert] H. Dotson, newphew [sic] of Elbert M. Dotson, absolutely at the death of Elbert M. Dotson, and should Elbert M. Dotson precede Irma L. Dotson in death then the other one-half shall go to Irma L. Dotson. However, should Irma L. Dotson precede Elbert M. Dotson in death, Elbert M. Dotson shall have control of all property, both real and personal, during his lifetime, then at his death all property, real, personal or mixed, ½shall be divided equally between [Robert] H. Dotson and Deborah Dotson, daughter of Irma L. Dotson and stepdaughter of Elbert M. Dotson.

Sometime after executing their will, Elbert and Irma had a son, Mark.

Elbert died on June 6, 2005. Robert obtained the will from the clerk's office, and Irma petitioned the court to probate the will and to be appointed personal representative. Robert objected to the appointment of Irma as the personal representative and demanded notice of all proceedings as a named beneficiary of Elbert's will. Irma then filed a petition for determination of heirship, claiming that Mark, an after-born child, was entitled to inherit all of Elbert's estate as if Elbert had died intestate. Robert countered that Irma was precluded from making any arguments that contradicted the terms of the joint will, i.e., arguing that any property of Elbert's should devolve by operation of law outside the will because it provided that one-half of Elbert's property shall go to Robert upon Elbert's death.

After a hearing, the circuit court entered an order, finding that (1) Robert was a named beneficiary under Elbert's will; (2) Mark was the sole and only child of Elbert and Irma and was born subsequent to the making of the will; (3) Mark was not mentioned in the will specifically or as a member of a class; and (4) the will was joint and reciprocal and constituted an enforceable contract between Elbert and Irma. The court ordered that the will be admitted to probate and that Irma be appointed personal representative. The order further found:

> [N]otwithstanding that the Will constitutes an enforceable contract between Elbert Dotson and Irma L. Dotson (which could be enforced against Irma L. Dotson), pursuant to Arkansas Code Section 28–39–407 subsection (a) [the After–Born Child Statute], the testator, Elbert Dotson, is deemed to have died intestate with respect to Mark Dotson, and is entitled to recover from the devisee, Robert Dotson, that portion of the estate which Mark Dotson would have inherited had there been no will.

Robert filed an interlocutory appeal from this order, and argues that the circuit court erred in holding that Mark's claim, as an after-born child under Arkansas Code Annotated section 28–39–407(a) (Repl.2004), extinguished his rights as a named beneficiary of the joint will and testament of Elbert and Irma.

Probate cases are reviewed de novo on appeal, and we do not reverse the circuit court's decision unless it is clearly erroneous. *Abdin v. Abdin,* 101 Ark.App. 56, 58, 270 S.W.3d 361, 363 (2007). A circuit court's conclusion on a question of law is given no deference on appeal. *Id.,* 270 S.W.3d at 363.

The After–Born Child Statute provides:

> Subsequently Born or Adopted Children. Whenever a child shall have been born to or adopted by a testator after the testator has made his or her will, and the testator shall die leaving the after-born or adopted child not mentioned or provided for in his or her will either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to the child. The child shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or she would have inherited had there been no will.

Ark.Code Ann. § 28–39–407(a).[1] Under the laws of intestate succession, the estate of an individual who dies without a will shall pass "[f]irst, to the children of the intestate and the descendants of each child of the intestate, who may have predeceased the intestate." Ark.Code Ann. § 28–9–214(1) (Repl.2004).

The purpose of the after-born child and pretermitted-child statute is:

> [N]ot to interfere with the right of a person to dispose of his property accord-

1. While subsection (a) of Arkansas Code Annotated § 28–39–407 provides for subsequently born or adopted children omitted from their parents' will, subsection (b) provides for pretermitted children in a similar fashion:
   Pretermitted Children. If, at the time of the execution of a will, there is a living child of the testator, or living child or issue of a deceased child of the testator, whom the testator shall omit to mention or pro-
   vide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to the child or issue. The child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or she or they would have inherited had there been no will.

ing to his own will, but to avoid the inadvertent or unintentional omission of children (or issue of a deceased child) unless an intent to disinherit is expressed in the will.... Thus, where the testator fails to mention children or provide for them as member of a class, it will be presumed that the omission was unintentional, no contrary intent appearing in the will itself.

*Robinson v. Mays,* 271 Ark. 818, 821, 610 S.W.2d 885, 887 (1981).

So strong is the presumption that a father would not intentionally omit to provide for all his children, that in case the name of one or more of the children is left out of the will, by statute it is held to be an unintentional oversight, and the law brings the[m] within the provisions of the will, and makes them joint heirs in the inheritance.

*Id.,* 610 S.W.2d at 887 (citing *Cockrill v. Armstrong,* 31 Ark. 580 (1876)). More recently, our supreme court has held that the purpose of the pretermitted-child statute is not to compel a testator to make a provision for his children, but to guard against testamentary thoughtlessness. *Young v. Young,* 288 Ark. 199, 202, 703 S.W.2d 457, 459 (1986).

■■ Despite the strong policy arguments supporting the application of the After–Born Child Statute, Robert argues that the statute should be trumped by Elbert and Irma's use of a joint and reciprocal will. Arkansas recognizes reciprocal wills, whether joint or mutual, as a legitimate estate-planning device to effect the intent of a married couple to dispose of collective property. *Gregory v. Estate of Gregory,* 315 Ark. 187, 191, 866 S.W.2d 379, 382 (1993). Generally, the surviving spouse is required to dispose of the collective property according to the joint will or mutual wills. *Id.,* 866 S.W.2d at 382.

Here, the two competing public policies confronting us are the right of a couple to execute a joint will to dispose of their estates and the rights of an after-born child. We hold that the rights of the after-born child must prevail and that this is precisely the situation where the After–Born Child Statute should apply. Elbert and Irma executed a joint and reciprocal will when they were young and had no children. One child and fifty years later, the will should be subject to the After–Born Child Statute. As such, we hold that the circuit court did not err in finding that the After–Born Child Statute entitled Mark to take against his father's will and extinguished the rights of Robert, a named beneficiary of the will.

The case at bar is most similar to *Holland v. Willis,* 293 Ark. 518, 739 S.W.2d 529 (1987). There the testator's will left his entire estate to the appellant, his nephew. However, the testator had two children. The will specifically mentioned one of his children and disinherited her. The will made no mention of the other child, who had two children of his own (the testator's grandchildren) and who had predeceased the testator. Upon the testator's death, the testator's grandchildren petitioned the court to take against the will pursuant to the pretermitted-heir statute. *Holland,* 293 Ark. at 521, 739 S.W.2d at 531. The appellant, the sole beneficiary under the will, objected. *Id.,* 739 S.W.2d at 531. The circuit court entered an order determining that the testator's grandchildren were pretermitted heirs and entitled to share in the estate and finding that the statute was constitutional. Our supreme court affirmed. *Id.* at 522–23, 739 S.W.2d at 531–32.

We disagree with Robert's argument that *Gregory* provides a blueprint for the analysis in this case and that it supports his position that the joint will of Elbert

and Irma prevails over Mark's statutory rights. In *Gregory,* H.T. Gregory and his first wife, Gladys Gregory, executed "an Agreement to Make Reciprocal Wills and Not to Revoke Same," and they simultaneously executed reciprocal wills that were attached and incorporated into the agreement. *Gregory,* 315 Ark. at 188–89, 866 S.W.2d at 380. The reciprocal wills provided that when one died, the surviving spouse would hold in trust the deceased's estate, and upon the death of the surviving spouse, the couple's six children would inherit. *Id.* at 189, 866 S.W.2d at 381. Gladys died first, and her property went into trust for the benefit of H.T. pursuant to the agreement and her will. *Id.,* 866 S.W.2d at 381. H.T. subsequently married Genevive, and with the consent of his children, H.T. executed a codicil to his will giving Genevive a life interest in the marital home that would revert back to H.T. and Gladys's children upon Genevive's death. *Id.,* 866 S.W.2d at 381.

When H.T. died, Genevive filed an election to take her dower and homestead interests and statutory allowances in the estate against H.T.'s will, pursuant to Arkansas Code Annotated section 28–39–401 (1987), the surviving-spouse statute. *Id.,* 866 S.W.2d at 381. The circuit court rejected Genevive's statutory claim. *Gregory,* 315 Ark. at 191, 866 S.W.2d at 382. On appeal, our supreme court acknowledged that there were two competing public policies at issue—the right of a couple to contract to make mutual wills that are irrevocable and that dispose of both estates to third-party beneficiaries, and the right of a surviving spouse to take an elective share. *Id.,* 866 S.W.2d at 382. However, the court affirmed, holding that the reciprocal wills and the agreement not to revoke prevailed over the statutory right of the surviving spouse. *Id.* at 194–95, 866 S.W.2d at 383–84. Specifically, the court held that Genevive could have no

rights greater than H.T.'s rights, which during his lifetime, were subject to his agreement not to revoke his reciprocal will that vested in his children upon his death. *Id.* at 193, 866 S.W.2d at 383.

*Gregory* is distinguishable from the case at bar. Here, Mark's right to inherit accrued upon his birth and applied to both of his parents' estates. In contrast, in *Gregory,* the new spouse came into a situation where the rights to H.T.'s estate had already been established and made irrevocable by the agreement and the death of H.T.'s first spouse. Therefore, the *Gregory* court focused on the agreement not to revoke, not the reciprocal wills, in its analysis and ultimate conclusion that the agreement/will prevailed. The court stated:

> H.T. Gregory's estate was subject to and encumbered by the superior contractual rights of the six children. This was clearly part of an estate plan effectuated between H.T. Gregory and Gladys Gregory to benefit themselves and then their children. The wills were not to be changed and would affect all of their property.

*Id.* at 194, 866 S.W.2d at 383.

While the circuit court in the instant case found that the will of Elbert and Irma was joint and reciprocal, it did not find that there was an agreement between Elbert and Irma not to revoke the joint will. Without evidence of the existence of an agreement not to revoke, we need not reach the issue of whether such an agreement could ever prevail over the paramount right of an after-born child, who is entitled to the highest level of protection.

■ On a final note, Irma argues on appeal that the circuit court's finding that the joint will was a binding contract was unnecessary and incorrect and that this conclusion should be vacated. The record,

however, does not contain a notice of cross-appeal. Our case law is well settled that when an appellee seeks something more than he or she received in the lower court, a notice of cross-appeal is necessary to give us jurisdiction of the cross-appeal. *Hoffman v. Gregory,* |₈361 Ark. 73, 80–81, 204 S.W.3d 541, 547 (2005) (citing Ark. R.App. P.-Civ. 3(d) (2004); *Boothe v. Boothe,* 341 Ark. 381, 17 S.W.3d 464 (2000); *Brown v. Minor,* 305 Ark. 556, 810 S.W.2d 334 (1991)). Because Irma failed to file a notice of cross-appeal, we are without jurisdiction to consider her argument.

Affirmed.

HART and ROBBINS, JJ., agree.