JOSEPHINE LINKER HART, Justice, dissenting. The majority holds that the assets of a revocable trust should be included in a decedent’s estate for the purpose of calculating the |2nelective spousal share. Because this holding is contrary to established Arkansas probate law and will thwart the use of many traditional estate-planning tools, I respectfully dissent. Dower in personalty is a creature of statute because, at common law, it attached only to real estate. Stull v. Graham, 60 Ark. 461, 476, 31 S.W. 46, 50 (1895). Statutes in derogation of the rules of the common law are strictly construed. Wright v. Wright, 248 Ark. 105, 108, 449 S.W.2d 952, 953 (1970). Our dower statute relating to personalty provides that if “a person dies leaving a surviving spouse and no children, the surviving spouse shall be endowed ... of one-half (1/2) of the personal estate, absolutely, and in his or her own right, as against collateral heirs.” Ark. Code Ann. § 28-ll-307(a)(l) (Repl.2012). Our election-by-survivor statute provides in part as follows: (a) When a married person dies testate as to all or any part of his or her estate, the surviving spouse shall have the right to take against the will if the surviving spouse has been married to the decedent continuously for a period in excess of one (1) year. (b) In the event of such an election, the rights of the surviving spouse in the estate of the deceased spouse shall be limited to the following: (1) The surviving spouse, if a woman, shall receive dower in the deceased husband’s real estate and personal properly as if he had died intestate. Ark.Code Ann. § 28-39-401 (Repl.2012). Thus, as provided by statute, dower rights are in the estate of the deceased spouse. The right of dower in personal property does not accrue until the decedent’s death; the decedent may sell, mortgage, or dispose of property at his pleasure. McKinney v. Caldwell, 220 Ark. 775, 778-79, 250 S.W.2d 117, 119 (1952). The surviving spouse’s elective interest in the decedent’s estate vests immediately upon the spouse’s death. Gregory v. Estate of Gregory, 315 Ark. 187, 192, 866 S.W.2d 379, 382 (1993). However, |⅞1 dower can vest only in property that the deceased spouse owned at the time of death. Id., 866 S.W.2d at 382. The H. Ripley Thompson Revocable Trust, which was created by H. Ripley Thompson with premarital assets, distributed principal and income to him during his lifetime. After his death, the remaining trust assets were to be distributed to others, including $100,000 to Anne Thompson. This comports with Arkansas law. A settlor may create a trust for his own benefit, and the settlor has the power to reserve the right to consume the principal of the trust res or to revoke the trust in whole or in part. Richards v. Worthen Bank & Trust Co., 261 Ark. 890, 892, 552 S.W.2d 228, 230 (1977). In accordance with the statutes and Arkansas case law, because dower did not vest until the death of H. Ripley Thompson, Anne Thompson did not have an accrued dower interest in the trust personalty prior to his death. Further, in accordance with the statutes and Arkansas law, Anne Thompson did not have a dower interest in the trust personalty at the time of Thompson’s death because the trust personalty was not part of Thompson’s estate. Thus, the trust personalty was never subject to Anne Thompson’s dower interest. Contrary to our case law and the plain language of the dower statutes, the majority grafts onto our state jurisprudence a new source from which a dower interest can be taken: personalty in which the spouse did not have an accrued dower interest, essentially promulgating into law provisions of the Uniform Probate Code that were not adopted by the General Assembly, creating an “augmented estate” from which the elective share of a surviving spouse may be taken. Unif. Probate Code § 2-205 (1969). Further, in permitting 12?.Thompson, on her claim of fraud, to take an elective share in the trust, the majority states that the “Decedent’s intent to deprive Appellee of her marital rights in his properly is evident on the face of the Will and Trust documents.” Under the majority’s conception of the law, any transfer of personalty to a person other than the spouse would compel the conclusion that the spouse was defrauded by the transfer and deprived of her marital rights. The ramifications of this new law are broad and upend the use of familiar tools of estate planning. In creating this new law, the majority permits a surviving spouse to make a fraud claim and to take an elective share not only in trusts, but also in any property or accounts held in pay on death, transfer on death, or co-ownership registration with the right of survivorship, as well as in the proceeds of insurance over which the decedent held an exercisable general power of appointment, all of which are used as estate-planning tools. The confusion to follow this opinion is indeed disturbing. Finally, the foundation on which the majority builds this new law cannot support its weight. The Arkansas cases relied on by the majority to support its holding are inapposite. In Richards, this court disposed of an appellant’s claim that a trust was an illusory scheme or device to defeat the appellant’s marital rights by concluding that the trust was not a scheme to defraud. The court, however, did not address the more fundamental issue of whether, if fraud had been proved, that would have been a proper basis for invading the trust. Further, another case cited by the majority, West v. West, 120 Ark. 500, 179 S.W. 1017 (1915), did not even involve a taking against a will. West was a quiet-title action between a divorced lasspouse and her former husband’s children from a previous marriage, in which the court found that the former husband, prior to their marriage, properly deeded real property to his children. Because the majority rejects black-letter Arkansas probate law and undercuts well-established methods of estate planning, I respectfully dissent. BAKER, J., joins in this dissent.